UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| INTERFAITH COMMUNITY ORGANIZATION, et al., | : : : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : : | **OPINION** |
| v. | : : | Civil Action No. 95-2097 (DMC) |
| HONEYWELL INTERNATIONAL, INC., (formerly known as Allied Signal, Inc.), et al., | : : : : | |
| Defendants. | : : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

Presently before the Court is Plaintiff Interfaith Community Organization's ("ICO") application for an award of litigation costs, including attorneys' fees and expert witnesses' fees incurred in the litigation of the fee application from June 1, 2003 through September 24, 2004 and Defendant Honeywell International, Inc.'s ("Honeywell") motion for leave to file a surreply. No oral argument was heard pursuant to Rule 78 of the F.R.Civ. P. For the reasons stated in this Opinion, Plaintiff's First Supplemental Application for an Award of Litigation costs, Including Attorneys' fees and Expert Witnesses' Fees is **granted.** Defendant's motion for leave to file a surreply is **denied.**

BACKGROUND

On May 21, 2003, this Court entered an Amended Opinion granting judgment in favor of

-1-

ICO and ECARG with regard to ICO and ECARG's 42 U.S.C. §7002(a)(1)(B) claims against Honeywell.  See Interfaith Community Organization v. Honeywell Int'l Inc., 263 F.Supp. 2d 796 (D.N.J. 2003).  The Amended Opinion Awarded ICO and ECARG fees and costs that were "incurred in furtherance of its RCRA claim against Honeywell in this action."  Id. at 850.

On July 21, 2003, ICO filed Plaintiff's Application for an Award of Litigation Costs, Including Attorneys' Fees and Expert Witness' Fees ("ICO Fee Application").  On August 26, 2004, the Court entered an Opinion and Order awarding ICO fees and costs in the amount of $4,530,327.00.  On August 30, 2004, the Court entered an Order permitting ICO to submit a petition to recover fees and costs including attorneys' fees incurred in the preparation of ICO's July 21, 2004, fee application.  On September 29, 2004, ICO filed Plaintiff's First Supplemental Application for an Award of Litigation costs, Including Attorneys' Fees and Expert Witnesses' Fees ("Supplemental Application") pursuant to the Court's Order of August 30, 2004.  Honeywell filed its brief in opposition on November 9, 2004, and ICO filed its reply brief on December 6, 2004.  Honeywell subsequently filed a motion for leave to file a surreply on December 23, 2004.

## ANALYSIS

Section 7002(e) of the Resources Conservation and Recovery Act ("RCRA") 42 U.S.C. 6972(e) provides that the Court "may award costs of litigation (including reasonable attorneys' and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such an award is appropriate."  This Court having determined that ICO and ECARG[1] are prevailing parties in this litigation, stating in an Order dated May 16, 2003:

---

[1] The current application for fees is on behalf of ICO only.

> Having prevailed on their RCRA claims, [ICO] and ECARG are entitled to an award of attorneys' fees, costs and expenses they have incurred in furtherance of their RCRA claims in this action.

Honeywell does not dispute ICO is entitled to an award of fees. (Def.'s Br. Opp'n at 1.) Honeywell's arguments involve the number of attorney hours ICO spent litigating its initial fee application, the methodology used in computing hourly rates, ICO's use of senior partners in litigating the fee application, the excessiveness of costs and ICO's application for nonreimbursable costs.

**FEES**

Lindy Brothers Builders, Inc. of Philadelphia v. American Radiator & Standard Corp., 487 F.2d 161, 167 (3d Cir. 1971) establishes the principle that the "lodestar" is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. The lodestar method is presumed to yield a reasonable fee. Washington v. Philadelphia Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996) (internal citations omitted).

There are several issues that must be addressed in determining the award of attorneys' fees and costs in this matter. The Court must determine how much of ICO's work is recoverable, what rate to apply to the work, and multiply that rate by the reasonable number of hours expended to arrive at the "lodestar" amount.

"[W]here a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." Hensley, 461 U.S. at 436. Thus, adjustments to the lodestar are within the discretion of the district court. Id. at 436-37. Public Interest Research Group v. Windall, 51 F.3d 1179, 1189 (3d Cir., 1995). "Where a plaintiff has obtained excellent results, his attorney should

recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." Blum v. Stenson, 465 U.S. 886, 901 (U.S., 1984).

In this case, ICO's initial fee application sought $4,587,990.22.[2]  This Court's Order of August 26, 2004, awarded Plaintiff a total of $4,529,785.92, a reduction of $58,204.30 or a 1.3% reduction of the amount sought.

### A.	Standard for Evaluating Reasonableness of Hours Charged

The Third Circuit has explained that, as part of the assessment of the reasonableness of fee petitions, district courts "should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" Windall, 51 F.3d at 1188.  When a defendant challenges the number of hours as being excessive, courts frequently look at two factors to guide the assessment of reasonableness – whether such charges would be billed to a fee-paying client, and what the opposing party did in the same case.  In re Fine Paper Antitrust Litig., 751 F.2d 562, 587 (3d Cir. 1984); Lenard v. Argento, 808 F.2d 1242, 1245 (7th Cir. 1987); Jordan v. CCH, Inc., 230 F.Supp.2d 603, 611 (E.D.Pa. 2002); Coalition to Save Our Children v. State Bd. of Educ., 143 F.R.D. 61, 63-65 (D.Del. 1992).

In Bell v. United Princeton Properties, Inc., 884 F.2d 713, 720 (1989), the Third Circuit held that the opposing party bears the burden of challenging the reasonableness of a fee

---

[2] In its initial fee application, ICO originally sought fees and costs amounting to $4,706,506.09.  ICO reduced the amount sought to $4,587,990.22 by excluding the fees incurred in *Hackensack Riverkeeper v. Honeywell International, Inc.* D.N.J., Civ. No. 00-1451.

application with sufficient specificity as to give the applicant notice and an opportunity to respond. Specifically, the Third Circuit stated that:

> [A] court may not sua sponte reduce the amount of the award when the defendant has not specifically taken issue with the amount of time spent or the billing rate, either by filing affidavits, or in most cases, by raising arguments with specificity and clarity in briefs (or answering motion papers). ... It bears noting that the district court retains a great deal of discretion in deciding what a reasonable fee award is, so long as any reduction is based on objections raised by the adverse party.

Id. (Internal citations omitted). The court went on to state that:

> [T]he adverse party's submissions cannot merely allege in general terms that the time spent was excessive. In order to be sufficient, the briefs or answers challenging the fee request must be clear in two respects. First, they must generally identify the type of work being challenged, and second, they must specifically state the adverse party's grounds for contending that the hours claimed in that area are unreasonable. The briefs must be specific and clear enough that the fee applicants have a fair chance to respond and defend their request. [footnote omitted].

Id. at 720.

In Rode v. Dellarciprete, 892 F.2d 1177, 1187 (1990), the Third Circuit explained that based on the challenges raised by the adverse party, the district court must "explain why it concludes hours expended on a task are excessive" and must "specify the number of hours that would be reasonable and why those hours would be reasonable." It also reiterated that "[t]he district court cannot 'decrease a fee award based on factors not raised by the adverse party.'" 892 F.2d at 1183 (quoting Bell v. Union Princeton Properties, supra).

-5-

"The first inquiry of the court should be into the hours spent by the attorneys -- how many hours were spent in what manner by which attorneys.  It is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney. But without some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, e.g., senior partners, junior partners, associates, the court cannot know the nature of the services for which compensation is sought." Lindy Bros. Builders, Inc. , 487 F.2d at 167.

**B.  Hours Charged**

**1.  Initial Brief**

Honeywell argues that the 263 hours of attorney time spent preparing ICO's initial fee application is excessive.  Specifically, Honeywell objects to the more than 73 hours reviewing time records, 38 hours preparing exhibits, 2.46 hours organizing materials from the fee application and .83 hours to review the fee application after the application was filed.  (Def.'s Br. Opp'n at 5-6.)  Honeywell further argues that the 150 hours expended in the preparation of Plaintiff's Reply Brief is excessive and should not have taken more than 40 hours to prepare.  (Def.'s Br. Opp'n at 10.)  Honeywell further argues that the more than 33 hours spent preparing for oral argument is excessive and contends that a total of 16 hours for preparation would have been sufficient.  (Def.'s Br. Opp'n at 5.)  Honeywell further argues that the attendance of Mr.

Terris, Ms. Millian and Mr. Thomas at oral argument was excessive.[3]

ICO argues that most of the time spent preparing the initial brief was done by Carolyn Smith Pravlik, a senior attorney in the firm. ICO argues that Ms. Pravlik is the most experienced attorney in preparing fee applications. ICO further argues that Ms. Pravlik was the principal lawyer in the early stages of the litigation and therefore most familiar with the work of Plaintiff's counsel. ICO further argues that there were roughly 6,704 time records, spanning the course of nine years which needed to be reviewed.

Honeywell makes numerous assertions that Plaintiff's hours are unreasonable. Honeywell contends that the number of hours spent by ICO in preparation of the initial fee application and oral argument is excessive, but provides only examples of instances where a task could have and should have been performed in less time. (Def.'s Br. Opp'n at 3.) Honeywell fails to justify its assertions that Plaintiff's time is excessive or that the time it proposes for the task is reasonable. Without more, the Court cannot reach any conclusion other than the hours expended by Plaintiff is reasonable.

Plaintiff has submitted contemporaneous time records of counsel, as well as the total amount of time expended on each individual litigation activity in support of its application. The activities engaged in by Plaintiff's counsel throughout the litigation are described in detail in two affidavits of Plaintiff's lead counsel, Bruce J. Terris.

There can be no doubt that this has been an extensive and very involved lawsuit spanning

---

[3] ICO is no longer seeking to be compensated for the time Mr. Thomas spent at oral argument and working on the Motion to Strike. ICO has reduced its total fee amount by $2,042.04. ICO now seeks fees and costs in the amount of $362,511.44 instead of $368,076.03.

over the course of nine years. Furthermore, there is no question that the Terris Firm spent a great number of hours preparing for, as well as, conducting this suit as reflected by the roughly 6,704 time records attributable to this litigation. The Court finds that the 263 hours of attorney time spent by ICO in preparation of its initial brief for attorney fees is reasonable. Honeywell fails to provide adequate justification to reduce the number of hours sought and the Court sees no reason to depart from the number of hours requested by ICO.

### 2. Reply Brief

Honeywell argues that the 150 hours expended in the preparation of Plaintiff's Reply Brief is excessive and should not have taken more than 40 hours to prepare. (Def.'s Br. Opp'n at 10.) Honeywell specifically objects to the 35-40 hours spent drafting and reviewing three expert affidavits submitted with ICO's Reply Brief. Honeywell argues the affidavits were needed to detail how the experts spent their time and should not be charged to Honeywell. (Def's. Br. Opp'n at 9.) Honeywell argues, however, that even if, as a matter of law, the time to prepare the affidavits is compensable, 35-40 hours is excessive for the preparation of three affidavits. (Def.'s Br. Opp'n at 9.)

ICO argues that the affidavits were necessary in order to counter Honeywell's arguments that the experts' time reports lacked sufficient detail. (Pl.'s Reply at 4.) ICO further argues that substantial work was necessary to respond to Honeywell's arguments in its Opposition Brief.

There is no doubt Honeywell has meticulously scrutinized every expenditure and hour of attorney time for which ICO seeks to be reimbursed. As such, 150 hours to appropriately and adequately respond to Honeywell's objections does not strike the Court as unreasonable.

Further, as expressed above, Honeywell fails to provide adequate justification to reduce the number of hours sought and the Court sees no reason to depart from the 150 hours requested by ICO.

### 3. Motion to Strike

Honeywell argues that the 25.98 hours to oppose its motion to strike new evidence submitted on reply is excessive particularly in light of the fact that four attorneys billed for reviewing the motion.

ICO is no longer seeking to be reimbursed for the time billed by Mr. Thomas for reviewing Honeywell's motion to strike. This is a reduction of 2.58 hours. As a result of this reduction, ICO seeks to be reimbursed for 23.37 hours.

Honeywell further argues that Ms. Adams billed 3.72 hours to review Defendant's motion to strike. Honeywell objects to the 3.72 hours and contends that it should not have taken more than 3 hours to review the brief. (Def.'s Br. Opp'n at 7.) Honeywell further argues that if a single attorney had handled the briefing in an efficient manner with a second attorney reviewing and offering comments, opposition to the motion to strike would not have taken more than 10 hours.

Again, Honeywell has arbitrarily assigned a number of hours to a task with no justification. Accordingly, the Court finds that the 23.37 hours ICO is seeking to be reimbursed for the motion to strike is reasonable.

### 4. Review of Grace Briefs

Honeywell argues that the time spent reviewing Grace's briefs in not reimbursable.

Honeywell argues that reviewing Grace's briefs was not necessary to the presentation of ICO's fee application. ICO argues that the fee applications were being litigated together and the Grace materials needed to be reviewed to decide whether Plaintiff could defer to Grace's arguments.

The Court finds that ICO is entitled to be reimbursed for the 4.36 hours spent reviewing Grace's fee application. Honeywell simply argues that the time spent reviewing Grace's briefs is nonreimbursable but provides no support for its contention. (Def.'s Br. Opp'n at 8.) On the other hand, ICO's explanation for why it was necessary to review Grace's briefs is reasonable. 4.36 hours to review Grace's briefs does not strike this court as an unreasonable amount of time.

Accordingly, ICO is permitted to recover fees for the 4.36 hours it spent reviewing briefs concerning Grace's fee application.

**5.  Oral Argument**

With regard to oral argument, Honeywell argues**:** 1) seeking reimbursement for the attendance of three attorneys at oral argument is excessive; 2) the number of hours billed by Mr. Terris and Ms. Millian is excessive; and 3) the hourly rate of Plaintiff's travel time should be reduced by %50.

In response to Honeywell's first argument, Plaintiff has agreed to exclude Mr. Thomas's time of 6 hours for his attendance at oral argument.

Under the subcategory entitled "oral argument", ICO seeks to be reimbursed for 33.50 hours for Mr. Terris's time and 15.67 hours for Ms. Millian's time. Of the 33.50 hours and 15.67 hours of time spent by Mr. Terris and Ms. Millian respectively, 11.25 hours is designated as preparation for oral argument by Mr. Terris and 11.75 hours is designated as preparation by Ms.

Millian. Honeywell argues that 11.25 hours of preparation for the oral argument by Mr. Terris and the 11.75 hours of preparation by Ms. Millian is excessive. Honeywell bases its argument upon the amount of time (6 hours) it took Mr. Thomas to prepare for the argument and implies that Mr. Terris and Ms. Millian could have prepared for oral argument in an amount of time comparable to the 6 hours spent by Mr. Thomas. Honeywell alleges that the difference in preparation time between Mr. Thomas and Mr. Terris and Ms. Millian is due to Mr. Terris's and Ms. Millian's attendance at a meeting with New Jersey Department of Environmental Protection in Trenton scheduled the same day as the oral argument.

Honeywell has produced no evidence that Mr. Terris and Ms. Millian included the time spent at a meeting in Trenton in their fee application. Honeywell produced no affidavits supporting its allegation and makes this allegation by stating "[i]t appears that Mr. Terris and Ms. Millian *may be* (emphasis added) including, in the time they are charging to the oral argument, a meeting with the New Jersey Department of Environmental Protection..." (Def.'s Br. Opp'n at 6.) Honeywell's allegation is unsupported and grounded entirely in speculation.

ICO argues that Mr. Terris's time of 33.50 hours under the subcategory of oral argument is reasonable since the time is comprised of: 11.25 hours for travel to and from Washington, D.C., and the argument before the Court; .5 hours for a scheduling conference with Grace; and 21.75 hours for preparation of oral argument. ICO further argues that Mr. Terris prepared for oral argument on two occasions because the original hearing date of January 12, 2004, was adjourned by the Court and rescheduled for May 4, 2004.

Honeywell further argues that the hourly rate of Plaintiff's travel time should be reduced

-11-

by %50 and relies on the case of <u>Maldonado v. Lucca</u>, 636 F.Supp 621, 628-629 (D.N.J. 1986) to support its argument. In that case, Plaintiff sought a reduced rate of $65.00 per hour (from his normal billing rate of $125.00 per hour) for travel time.  The Court in its discretion awarded Plaintiff $50.00 per hour for travel time.  The Court simply reduced Plaintiff's hourly rate by $15.00.  The Court did not make a determination that Plaintiff's hourly rate for travel time should be reduced by 50% as a matter of law.

Accordingly, under the subcategory entitled "oral argument", the Terris Firm is granted a fee award based upon 33.50 hours for Mr. Terris's time, 15.67 for Ms. Millian's time and 17.25 for Mr. Thomas's time.

**6. Review of Proposed Findings**

ICO seeks fees for the time spent reviewing Honeywell's proposed findings of fact and conclusions of law.  Honeywell argues the fees Plaintiff is seeking are excessive and should be reduced by one third because ICO used three attorneys to review the Honeywell's proposed findings.

ICO argues that Mr. Terris and Ms. Pravlik predominantly reviewed Honeywell's proposed findings while Ms. Millian reviewed a narrow portion of the documents pertaining to Honeywell's new findings regarding Grace/Roned issues.  ICO argues Ms. Millian was involved in this segment because she prepared the response to the Grace/Roned issues in ICO's proposed findings.  ICO further argues the balance of Ms. Millian's time was limited to participation in communications with the Court, Grace's counsel and Mr. Terris and Ms. Pravlik regarding Honeywell's new or augmented arguments to its proposed findings.

The Court has carefully reviewed each of ICO's entries regarding the review of Honeywell's proposed findings and is convinced that no more than two attorneys worked on any particular segment of the proposed findings at any given time. (*See* Pl. Ex. 55, Nos. 331-342.)

Other than Honeywell's argument that no more than two attorneys should be compensated for reviewing the proposed findings, Honeywell has offered no other support for a one third reduction of fees. Accordingly, fees are awarded in the following amounts: 10.25 hours for Mr. Terris; 25.73 hours for Ms. Pravlik; and 4.62 hours for Ms. Millian.

### 7.     Administrative Scheduling Tasks

Honeywell argues that excessive time was spent on administrative scheduling tasks. Specifically, Honeywell argues that the 2.22 hours to draft a letter to the Court requesting oral argument and the 1.4 hours to notice all counsel of a postponement of the argument date billed by Mr. Thomas is excessive and should have taken no more than a few minutes for each task (Def.'s Br. Opp'n at 7.) Honeywell further argues that Ms. Millian's and Mr. Thomas's combined time of 1.8 hours for a letter to all parties regarding scheduling is excessive.

Honeywell has again alleged that excessive time has been spent on certain tasks without providing a foundation for its claim. Instead, Honeywell simply asserts that a lesser amount of time is more appropriate than the time billed by ICO. Further, Honeywell's challenge of Ms. Millian's and Mr. Thomas's combined time of 1.8 hours fails to note that the 1.8 hours included conferencing with Mr. Marraro and Ms. Pravlik and drafting memos to Mr. Thomas and Mr. Terris. (See ICO Supp. App., Ex. 55, Nos. 272, 296.) Accordingly, the Court finds the above mentioned time reasonable and will not reduce ICO's award by those hours.

**B.     Appropriate Billing Rate**

**1.     Washington, D.C. Rates**

Honeywell argues that the relevant community for purposes of calculating the prevailing market rate is New Jersey, not the District of Columbia. Honeywell further argues that even if the District of Columbia is the relevant community, the fee matrix prepared by the U.S. Attorney for the District of Columbia is the proper measure of hourly rates. Honeywell further argues that regardless of which community is held to be the relevant community, the baseline rates must be reduced to reflect the non-complexity of litigating a fee petition. (Def's. Br. Opp'n at 10.)

Honeywell raises many of the same arguments pertaining to which rates should be used in its opposition to ICO's initial fee application. The Court has previously addressed those arguments in the Court's Opinion of August 26, 2004, and herein incorporates by reference its findings of fact and conclusions of law. (See ICO v. Honeywell, Civ. 95-2097 (DMC), Slip Op. 5-14, (D.N.J. August 26, 2004, holding Washington, D.C. rates apply based upon Plaintiff's methodology of updating the Laffey Matrix.[4])

**2.     Supplemental Fee Litigation**

Honeywell argues there should be a reduction of hourly rates to reflect the non-complexity of the fee litigation. Honeywell further argues that the review of time records should have been performed by an associate or paralegal.

---

[4] The "Laffey Matrix," is an official statement of market-supported reasonable attorney fee rates which was adopted, and is periodically updated, by the United States Court of Appeals for the District of Columbia. See Laffey v. Northwest Airlines, Inc., 746 F.2d 4 (D.C.Cir.1984) cert. denied, 472 U.S. 1021, 105 S.Ct. 3488, 87 L.Ed.2d 622 (1985), overruled in part by Save Our Cumberland Mountains, Inc. v. Hodel, 857 F.2d 1516 (D.C.Cir.1988) (en banc ).

ICO argues that the Court in its Opinion of August 26, 2004, held that Plaintiff was entitled to full fees for travel time and should similarly be awarded full fees for the preparation of the supplemental fee application. (Slip Op. at 26.) ICO further argues that counsel involved in the merits litigation is best suited to address the work performed in the merits litigation. ICO asserts that Ms. Pravlik is the most experienced and knowledgeable of fees litigation in the Third Circuit and District of Columbia Circuit. As a result of Ms. Pravlik's experience in litigating fee applications, her research was limited to updates rather than comprehensive searches. ICO further asserts that Ms. Pravlik was the direct supervisor of this case in the early stages which made her best suited to review the time records. ICO further argues it would have been less efficient and therefore more costly to have associates less familiar with the merits litigation to review the time records and to perform research associated with the fees litigation.

In determining the reasonableness of the rates claimed for services in litigating the fee dispute, the court should consider whether these services require the same quality of expertise and skill as the underlying dispute. Public Interest Research Group v. Windall, 51 F.3d 1179, 1190 (3d Cir., 1995). It would make little sense for this Court to award Plaintiff fees at a reduced rate for the preparation of its supplemental fee application when it is settled that the law of this case provides Plaintiff its full rate for travel. Additionally, the Court finds it reasonable that the attorneys involved in the merits litigation also be primarily involved in the fee applications. As mentioned earlier, this case has spanned the course of nine years, gone through a lengthy trial, consists of roughly 6,704 time records and has more than 615 entries on the Court's docket. The Court finds it reasonable that counsel most familiar with the underlying litigation and most

experienced in fees litigation be the attorney most involved in preparing the supplemental fee application. Accordingly, ICO is awarded its full rate for the preparation of the supplemental fee application.

**C.     Costs**

    **1.     Photocopying**

Honeywell argues that Plaintiff's requested rate of 20 cents per page for photocopying is excessive. This Court has previously held that the rate of 20 cents per page is reasonable. (Slip Op. at 39-40.) Accordingly, consistent with the holding in this Court's Opinion of August 26, 2004, ICO is permitted to be reimbursed at a rate of 20 cents per page for photocopying.

    **2.     Facsimile Charges**

Honeywell argues that certain facsimile charges are not reimbursable, particularly a charge of $23.00 for a "fax to BJT, KLM and SJG re: fee application materials to review." (Pl. Ex.57, No 10.) Honeywell argues that there is no basis for reimbursement of faxes sent among lawyers who all work at the same location. ICO asserts that the materials complained of by Honeywell were faxes to Mr. Terris for his review while he was attending a meeting in New Jersey with Special Master Torricelli. ICO further asserts that Ms. Millian and Mr. German, who were also in attendance at the meeting in New Jersey, were included on the fax to ensure that it was received by one of them for Mr. Terris's review.

It is perfectly reasonable that a fax be addressed to more than one party from the same firm to ensure receipt of same. Accordingly, ICO is permitted to be reimbursed for the $23.00 cost of said fax.

Honeywell further argues that a charge of $6.00 for a fax to "Cheryl Montgomery re: Software problems with her affidavit and Honeywell exhibits" is not reimbursable. Honeywell asserts that it is not responsible for transmission correspondence concerning problems with the software of one of Plaintiff's experts. ICO offers no explanation why a charge for a fax dealing with software problems of one of its experts is reimbursable. Accordingly, ICO's fee application is to be reduced by $6.00.

### 3. Miscellaneous Expenses

Honeywell also contests recovery for $108.27 for "support staff overtime" for "preparing and velobinding Plaintiff's Findings and Conclusion." Honeywell asserts there was no emergency or other short notice deadline such that overtime costs can be shifted to Honeywell. Honeywell further argues that ICO is not entitled to reimbursement for an overtime meal in the amount of $19.70. ICO has withdrawn its claim for reimbursement of $127.97. Accordingly, ICO's award will be reduced by $127.97.

### D. Honeywell's Motion to File a Surreply

Honeywell moves the Court for leave to file a surreply to Plaintiff's Reply in support of Plaintiff's motion for litigation costs and attorney's fees. Honeywell's motion for leave to file a surreply is **denied**.

### CONCLUSION

For the foregoing reasons, Petitioners are to be reimbursed for litigation costs including

attorneys' fees and expert witnesses' fees with deductions from the respective applications as detailed in this Opinion. An appropriate Order follows.

                                             S/ Dennis M. Cavanaugh
                                              Dennis M. Cavanaugh, U.S.D.J.

Date:         June 15, 2005
Original:    Clerk's Office
Copies:      All Counsel of Record
               The Honorable Mark Falk, U.S.M.J.
               File