# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| INTERFAITH COMMUNITY ORGANIZATION, *et al.* | ) ) | **FILED ELECTRONICALLY** |
| Plaintiffs, | ) | RETURN DATE July 14, 2014[1] |
| v. | ) ) | Civ. No. 95-2097 (JLL) |
| HONEYWELL INTERNATIONAL, INC., *et al.* | ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| HACKENSACK RIVERKEEPER, INC., *et al.* | ) ) | |
| Plaintiffs, | ) | Civil Action No. 06-22 |
| v. | ) | **Consolidated with** |
| | ) | **Docket No.  05-05955** |
| HONEYWELL INTERNATIONAL INC., *et al.* | ) ) | **under Docket No. 95-2097** |
| Defendants. | ) | |

## PLAINTIFFS' APPLICATION FOR AND BRIEF IN SUPPORT OF AN AWARD OF THE 2012-2013 ATTORNEYS' FEES AND EXPENSES

Edward Lloyd (EL 2633)
Columbia Law School
435 West 116th Street, Room 831
New York, NY 10027
212-854-4376

Bruce J. Terris
Alicia C. Alcorn
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, DC  20005-4632
202-682-2100

April 1, 2014

*Counsel for Plaintiffs*

---

[1] Scheduling Order No. 2, ECF No. 1210.

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF EXHIBITS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

HISTORY OF CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    I.  PLAINTIFFS ARE ENTITLED TO AN AWARD
        OF REASONABLE ATTORNEYS' FEES  . . . . . . . . . . . . . . . . . . . . . 9

    II.  PLAINTIFFS ARE ENTITLED TO AN AWARD BASED ON
        REASONABLE HOURLY RATES FOR WASHINGTON, D.C.  . 11

    III.  THE HOURS EXPENDED BY PLAINTIFFS ARE REASONABLE  12

    IV.  PLAINTIFFS ARE ENTITLED TO AN AWARD OF
        REASONABLE LITIGATION EXPENSES  . . . . . . . . . . . . . . . . . 13

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## TABLE OF AUTHORITIES

**CASES** *Page*

*Blum v. Stenson,*
    465 U.S. 886 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Interfaith Community Organization v. Honeywell International Inc.,*
    336 F. Supp. 2d  370 (D.N.J. 2004), affirmed in part and remanded in
    part on other grounds, 426 F.3d 694 (3d Cir. 2005) . . . . . . . . . . . . . . . 2, 11

*Interfaith Community Organization v. Honeywell International Inc.,*
    426 F.3d 694 (3d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Interfaith Community Organization v. Honeywell International Inc.,*
    808 F. Supp. 2d 744 (D.N.J. 2011), affirmed in part and remanded in
    part, 726 F. 3d 403 (3d Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Interfaith Community Organization v. Honeywell International Inc.,*
    726 F. 3d 403 (3d Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10, 11

*Laffey v. Northwest Airlines, Inc.,*
    572 F. Supp. 354 (D.D.C. 1983), reversed, 746 F.2d 4 (D.C. Cir.
    1984), overruled, *Save Our Cumberland Mountains v. Hodel*, 857
    F.2d 1516, 1525 (D.C. Cir. 1988)(*en banc*) . . . . . . . . . . . . . . . . . . . . . . . 11

*Lanni v. New Jersey*,
    259 F.3d 146 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Lindy Brothers Builders, Inc. of Philadelphia v. American Radiator & Standard
Sanitary Corp.*,
    487 F.2d 161 (3d Cir. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,*
    478 U.S. 546 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Washington v. Philadelphia Court of Common Pleas*,
89 F.3d 1031 (3d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**STATUTES**

42 U.S.C. 6972(a)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

# TABLE OF EXHIBITS

| Exhibit No. | Description |
| --- | --- |
| 1 | Affidavit of Kathleen L. Millian |
| 2 | Environmental Resume for Terris, Pravlik & Millian, LLP |
| 3 | Attorney Resumes for Terris, Pravlik & Millian, LLP |
| 4 | 2012-2013 Fees and Expenses Calculation |
| 5 | Rates Calculation: Adjustments to the *Laffey* Matrix and the LSI data for 1988 to 2014 |
| 6 | Summary of Time by Category |
| 7 | Time Records by Category |
| 8 | TPM Timekeeper Chart |
| 9 | Summary of Total Expenses |
| 10 | Computerized Expense Records |
| 11 | No Charge Time Records by Category |
| 12 | Conference Time Records |
| 13 | *ICO v. Honeywell*, 3d Cir., Nos. 03-2760, 03-3037 and 03-3585, Order, Feb. 3, 2006 |
| 14 | Affidavit of Bruce A. Bell |
| 15 | Affidavit of Benjamin Ross |
| 16 | Affidavit of George A. Flowers |
| 17 | Affidavit of Kenneth O'Connell |
| 18 | Affidavit of Michael Kavanaugh |
| 19 | Affidavit of James Rogers |
| 20 | Affidavit of James Wyse |

21          Affidavit of Henry Bokuniewicz

22          Map of Study Areas 5 through 7

23          Final Open Space Design Standards, July 2013, figures and attachments not included

24          Draft Open Space Design Standards, April 2010

25          *Salazar v. District of Columbia*, 2014 WL 342084  (D.D.C. Jan. 30, 2014)

## INTRODUCTION

This application seeks an award of fees and expenses (hereafter referred to as "2012-2013 Fees") incurred by plaintiffs in 2012 and 2013 for post-judgment and post-decree monitoring work in the companion cases of *Interfaith Community Organization v. Honeywell International Inc.*, D.N.J., Civ. No. 95-2097 (hereafter referred to as the Study Area 7 case or *ICO v. Honeywell*), and *Hackensack Riverkeeper v. Honeywell International Inc.*, D.N.J., Civ. No. 06-22 (hereafter referred to as the Study Areas 5 and 6 case or *Riverkeeper v. Honeywell*)(hereafter referred to collectively as the Study Areas 5-7 cases).[2] Both cases are citizen suits under Section 7002(a)(1)(B) of the Resource Conservation and Recovery Act (hereafter "RCRA"), 42 U.S.C. 6972(a)(1)(B), brought against Honeywell International Inc. (hereafter "Honeywell") to remediate chromium contamination on adjacent properties in Jersey City, New Jersey. As explained in detail below, in the post-judgment and post-decree phases of these two cases, the cases have become closely intertwined in terms of the

---

[2] On September 8, 2011, the District Court consolidated the Study Areas 5 and 6 case under *Interfaith Community Organization v. Honeywell International Inc.*, D.N.J., Civ. No. 95-2097. Sept. 8, 2011, Order, ECF No. 1090. The Study Areas 5 and 6 case had been previously consolidated with *JCMUA v. Honeywell International Inc.*, and *JCIA v. Honeywell International Inc.*, D.N.J., Civ. No. under Docket No. 05-5955. July 26, 2006 Order, ECF No. 34 in Docket No 05-5955. Whenever possible, citations herein to the docket are to the consolidated Docket No. 95-2097. However, since Docket No. 05-5955 is not completely duplicated in Docket No. 95-2097, when necessary, citations will be made to Docket No. 05-5955 and noted as such in the citation.

1

work undertaken by plaintiffs to monitor the remediation and satisfaction of the judgment and decrees.  Thus, this application seeks fees (hereafter  "fees" shall mean "fees and expenses") incurred in both cases.[3]

In its decision awarding fees in the Study Area 7 case, this Court determined that plaintiffs were entitled to recover their fees for post-judgment monitoring work. *ICO v. Honeywell,* 336 F. Supp. 2d  370, 403 (D.N.J. 2004)(hereafter "*ICO I*"), affirmed in part and remanded in part on other grounds, 426 F.3d 694 (3d Cir. 2005).

In addition to the 2003 Final Judgment in the Study Area 7 case (Final Judgment, June 30, 2003, D.N.J., Civ. No. 95-2097 (ECF No. 356)(hereafter "2003 Final Judgment")), the seven consent decrees and consent orders entered by the parties and approved by this Court give rise to the 2012-2013 Fees sought in this application.

---

[3]This application does not include 2012-2013 Fees incurred during 2012 and 2013 related to the fees litigation and mediation in the district court and the court of appeals with regard to Plaintiffs' Application for and Brief in Support of an Award of Disputed Fees and Expenses for Their 2009 Post-Judgment and Post-Decree Work (hereafter "2009 Fees Application") (ECF No. 1005), Plaintiffs' Application for and Brief in Support of an Award of the "Outstanding Fees and Expenses" as Defined by the NJCU Consent Decree (hereafter "Outstanding Fees Application") (ECF No. 342 in Docket No. 05-5955), and Plaintiffs' Application for and Brief in Support of an Award of Disputed Fees and Expenses for Post-Judgment and Post-Decree Work for the First Half of 2010 (hereafter "the 2010 First Half Fees Application") (ECF No. 1047). Pursuant to Scheduling Order No. 2 (ECF No. 1210), those fees will be sought in a future application once the matters giving rise to them are resolved.  Fees incurred in the litigation of the 2012-2013 Fees sought in this application will be sought in a supplemental application.

2

The cases to which they apply and the names of those consent decrees and consent orders (hereafter collectively the "Consent Decrees") are as follows:

1. **Both Cases**:

(1) the Consent Order on Sediment Remediation and Financial Assurances, ECF No. 882, amended at ECF Nos. 1186 (hereafter "Sediment Consent Order");

(2) the Deep Overburden and Bedrock Groundwater Remedies Consent Order ECF No. 898 (hereafter "Deep Groundwater Consent Order");

2. **Study Areas 5 and 6 Case**:

(3) the Consent Decree Regarding Remediation and Redevelopment of Study Area 6 North, ECF No. 202 in docket 05-5955, amended at ECF No. 1141(hereafter "Study Area 6 North Consent Decree");

(4) the Consent Decree Regarding Remediation and Redevelopment of Study Area 6 South, ECF No. 234 in Docket No. 05-5955, amended at ECF No. 1140 (hereafter "Study Area 6 South Consent Decree");

(5) the Consent Decree Regarding Sites 79 and 153 South, ECF No. 301 in Docket No. 05-5955 (hereafter "Site 79 Consent Decree")

(6) the Consent Decree Regarding Remediation of the New Jersey City University Redevelopment Area, ECF No. 302 in Docket No. 05-5955 (hereafter "NJCU Consent Decree"); and

3

(7) the Consent Decree Regarding Remediation of the Study Area 5

Shallow Groundwater and the Site 79 Residential Properties, ECF No. 303 in Docket

No. 05-5955 (hereafter "Study Area 5 Groundwater Consent Decree").

Each of the Consent Decrees includes a provision regarding the payment of past

fees.  The past fees are those incurred prior to the cut-off date set forth in each

Consent Decree.[4/]  Under the Consent Decrees, the past fees have either been paid in

full by Honeywell or are the subject of a pending fee application.

Each of the Consent Decrees also includes a provision establishing plaintiffs'

entitlement to future fees for their monitoring of Honeywell's compliance with the

decree.[5/]  Under the future fees provisions, plaintiffs submit their fee materials to

Honeywell, and Honeywell identifies the fees it disputes and pays the undisputed

portion.  Then,  plaintiffs file their application regarding the remaining disputed fees

and the Court is to "resolve any objections" to the fees.[6/] Plaintiffs and Honeywell

---

[4/]Sediment Consent Order, para. 87; Deep Groundwater Consent Order, para. 29; Study Area 6 North Consent Decree, para. 109; Study Area 6 South Consent Decree, para. 119; Site 79 Consent Decree, para. 95; NJCU Consent Decree, para. 149; Study Area 5 Groundwater Consent Decree, para. 109.

[5/]Sediment Consent Order, para. 88; Deep Groundwater Consent Order, para. 30; Study Area 6 North Consent Decree, para. 110; Study Area 6 South Consent Decree, para. 120; Site 79 Consent Decree, para. 96; NJCU Consent Decree, para. 150;  Study Area 5 Groundwater Consent Decree, para. 110.

[6/]The future fees provision from the Study Area 6 North Consent Decree is representative.  It states:
      110. **Future Fees and Expenses.**    Honeywell   shall   reimburse

have engaged in the informal process for the 2012 Fees and, on October 4, 2013, Honeywell paid $543,465.09 in undisputed 2012 Fees.[7/]  Affidavit of Kathleen L. Millian (Pl. Ex. 1) (hereafter "Millian Aff."), paras. 19-23; March 31, 2014, Order, ECF No. 1228.  However, as to the 2013 Fees, the parties did not engage in the informal process to determine undisputed and disputed fees.  During the January 28, 2014, scheduling conference with Special Master Hughes, it was agreed that the

Riverkeeper's attorneys for reasonable fees and expenses incurred: (a) in negotiating this Consent Decree after March 27, 2008; (b) in the monitoring and enforcement of this Consent Decree; and (c) in participation in the Special Master process established pursuant to this Consent Decree.  Honeywell shall also reimburse Riverkeeper for reasonable attorneys' fees and expenses for Riverkeeper's review of and participation in the Long-Term Monitoring Plan and monitoring and enforcement of this Consent Decree following the term of the Special Master.  In the event that any dispute arises between the Parties under this Consent Decree that must be resolved by the Court, Riverkeeper shall be entitled to recover its attorneys' fees and expenses for litigation of the dispute to the extent allowed by federal law.  Riverkeeper and Honeywell shall use the same informal procedure for attempting to settle fees issues as has been used for post-judgment monitoring fees in *ICO v. Honeywell*.  In the event that Riverkeeper and Honeywell are unable to reach a settlement on fees, Riverkeeper shall apply to the Court for an award of attorneys' fees and expenses.  If Honeywell objects to only a portion of the Riverkeeper's statement of attorneys' fees and expenses, Honeywell shall pay the undisputed portion within 60 days of Riverkeeper's submittal of the statement to Honeywell.  The Court shall resolve any objections to Riverkeeper's statement of attorneys' fees and expenses and shall enter an appropriate Order.

[7/]The term "2012 Fees" refers to the fees informally submitted to Honeywell on March 14, 2013.

informal fees procedure would be waived for the 2013 Fees and that those fees would be presented in a fee application with the 2012 Fees. Order, ECF No. 1228. Pursuant to the Scheduling Order No. 2 (ECF No. 1210, p. 4), Honeywell will pay an amount of undisputed fees for 2013 by June 23, 2014. Thus, plaintiffs are submitting this application for the 2012-2013 Fees.

## HISTORY OF CASE

The Study Area 7 case was filed in 1995. After a trial, judgment was entered in favor of the plaintiffs in June 2003. Following the appeal and denial of certiorari in the Study Area 7 case, some of the plaintiffs from that case brought the second, companion case involving the adjacent areas, called Study Areas 5 and 6, in order to ensure a comprehensive clean up of the chromium contamination resulting from the operations of Mutual Chemical Company, Honeywell's predecessor in interest. Millian Aff., para. 4. Study Area 7 was originally part of Study Area 6, but during the course of that case, the New Jersey Department of Environmental Protection (hereafter "NJDEP") changed its designation. As a result, Study Area 6 was divided, with Study Area 7 located in the middle. Since then, the severed parts of Study Area 6 have been referred to as Study Area 6 North and Study Area 6 South. Study Area 5 is eastward of Study Areas 6 and 7 across Route 440 and includes the site of the former Mutual Chemical processing plant. *See* Pl. Ex. 22.

6

As explained in detail in the Millian Affidavit (paras. 6-7), over the course of the Study Areas 5 and 6 case, the parties entered into seven substantive agreements that settled all of the merits of the litigation.  Most of the consent decrees or orders relate to the Study Areas 5 and 6 case, but two of them -- the Sediment and Deep Groundwater Consent Orders -- relate to both cases.  With the exception of the Site 79 Consent Decree and the NJCU Consent Decree, the remediation under each of the Consent Decrees is overseen by Special Master Torricelli, as is the implementation of the 2003 Final Judgment in the Study Area 7 case.[8/]  Millian Aff., para. 5.

Much of the work covered by this application relates to plaintiffs' review of Honeywell's proposals and remediation documents, plaintiffs' submission of comments on such documents to Special Master Torricelli, and preparation for and participation in the monthly status meetings held by Special Master Torricelli. Millian Aff., para. 41. To the extent possible, plaintiffs' counsel keep their time and expenses separately for each of the Consent Decrees and the Study Area 7 case.  *Ibid*. However, in some instances, issues overlap and the division of time and expenses between more than one decree is not efficient.  *Ibid*.  For example, for work related

---

[8/]Although the Special Master does not oversee the remedy under the NJCU Consent Decree, he does oversee the financial assurances under that decree.  NJCU Consent Decree, ECF No. 302, para. 109.  In addition, both the Site 79 and NJCU Consent Decrees include provisions permitting plaintiffs to seek oversight of the remedy or other aspects of the decree by the Special Master.  *See* Site 79 Consent Decree, ECF No. 301, para. 84(b); NJCU Consent Decree, ECF No. 302, para. 110.

to all-parties meetings with Special Master Torricelli, instead of dividing time and expenses amongst each of the Consent Decrees and Study Area 7, plaintiffs created a separate billing account (called a client in their timekeeping software) to track their time and expenses on overlapping issues, such as Special Master meetings. *Ibid.*

On March 14, 2013, plaintiffs submitted their 2012 fee materials to Honeywell pursuant to the parties informal fees procedure. Millian Aff, para. 19. On May 21, 2013, Honeywell responded by identifying proposed reductions and undisputed fees. *Ibid.* On June 20, 2013, plaintiffs responded to Honeywell's arguments regarding proposed reductions and proposed a settlement similar to the ones that the parties had entered with regard to the 2010 Second Half Fees and the 2011 Fees. *Ibid.* Before Honeywell responded, the court of appeals issued its decision on the 2009 Fees Application, the Outstanding Fees Application, and the 2010 First Half Fees Application (collectively, "the Remanded Fees"). *ICO v. Honeywell,* 726 F. 3d 403 (3d Cir. 2013)(hereafter "*ICO IV*") (affirming the district court decision regarding rates and remanding the fee award). Honeywell's petition for rehearing regarding the rates issue was subsequently granted (*ICO v. Honeywell,* 3d Cir., Nos. 11-3813 and 11-3814, Order, July 8, 2013) and the court of appeals issued a revised opinion reaffirming the district court decision on rates. *ICO IV*, *supra*, 726 F. 3d at 415-417.

On remand, the district court sent the Remanded Fees for mediation. June 17, 2013 Letter, ECF No. 1173. During preliminary discussions regarding the mediation,

8

at Honeywell's suggestion, the parties agreed to expand the mediation to include both the 2012 Fees and the fees-for- fees incurred for litigation in the district court and the court of appeals.  Millian Aff. , para. 20.  Honeywell also informed plaintiffs and the mediator that it was reexamining the 2012 Fees and would re-compute the undisputed fees. *Ibid.*  Honeywell agreed to pay the undisputed fees before the mediation session. On October 4, 2013, Honeywell paid $543,465.09 in undisputed fees for 2012. *Ibid.*; March 31, 2014, Order, ECF No. 1228.

When the mediation was unsuccessful, the district court appointed Special Master Hughes to review the Remanded Fees and future fee applications.  November 15, 2013, Order, ECF No. 1196, amended at ECF No. 1212.  This motion is being filed in accordance with Scheduling Order No. 2, ECF No. 1210, p. 4.

Plaintiffs demonstrate that they are entitled to an award of attorneys' fees in Part I below.  The appropriate rates are addressed in Part II.  The reasonableness of the hours is  addressed in Part III.  The expenses are addressed in Part IV.

**ARGUMENT**

**I**

**PLAINTIFFS ARE ENTITLED TO AN AWARD
OF REASONABLE ATTORNEYS' FEES**

The determination of appropriate attorneys' fees in cases under RCRA is governed by the principles set forth by the Court of Appeals for the Third Circuit in

9

*Lindy Brothers Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp*., 487 F.2d 161, 167 (3d Cir. 1973) (hereafter "*Lindy I*"). These principles were applied in the most recent fee litigation in the Study Areas 5-7 cases (*ICO IV, supra*, 726 F. 3d at 415-416) and in the earlier fees litigation in the Study Area 7 case (*ICO v. Honeywell,* 426 F.3d 694, 703, n. 5 (3d Cir. 2005)(hereafter "*ICO II*")). Under these principles, the "lodestar" is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *ICO IV, supra*, 726 F.3d at 415-416; *ICO II, supra*, 426 F.3d at 703, n. 5; *Lindy I, supra*, 487 F.2d at 167. The lodestar methodology was approved by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[9] The lodestar is presumed to yield a reasonable fee. *Blum v. Stenson,* 465 U.S. 886, 897 (1984); *Washington v. Philadelphia Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996) (citing *City of Burlington v. Dague*, 505 U.S. 557 (1992)).

These principles apply to post-judgment and post-decree awards of fees like those at issue in this application. *See ICO IV, supra*, 726 F.3d at 415-417 (applying the principles to a post-judgment and post-decree award of fees). As part of this application, plaintiffs do not seek the payment of the undisputed fees for 2012 paid

---

[9]Civil rights decisions on fee awards are applicable to fee and expense awards under environmental statutes. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 559-560 (1986) (the rules and underlying policies for calculating attorneys' fees are the same for environmental and civil rights attorneys' fees statutes).

10

by Honeywell on October 4, 2013.  However, because plaintiffs have no way of dividing disputed time records from undisputed time records, all time records are included with this application.   Millian Aff., para. 23.   Therefore, after the reasonableness of the fees sought is decided pursuant to this application, the $543,465.09 paid by Honeywell for 2012 undisputed fees should be subtracted from the final award.

## II

## PLAINTIFFS ARE ENTITLED TO AN AWARD BASED ON REASONABLE HOURLY RATES FOR WASHINGTON, D.C.

This fee application, as with all prior applications, requests fees based on a Legal Services Index (hereafter "LSI") update of the "*Laffey* matrix" rates schedule for Washington, D.C., which was twice adopted by this Court, with the approval of the Third Circuit.[10]  *See, ICO IV, supra*, 726 F. 3d at 414-416; *ICO II, supra*, 426 F.3d at 708-710; *ICO v. Honeywell,* 808 F. Supp. 2d 744 at 750-751 (D.N.J. 2011)(hereafter "*ICO III*"), affirmed in part and remanded in part on other grounds, 726 F. 3d 403 (3d Cir. 2013); *ICO I, supra*, 336 F. Supp. 2d at 383-388.  Plaintiffs have used the same methodology approved by this Court and affirmed by the court of

---

[10]As recognized by the district court in the Study Area 7 case, this rates schedule is called the "*Laffey* matrix" because it was first accepted by the District Court for the District of Columbia in *Laffey v. Northwest Airlines, Inc.,* 572 F. Supp. 354 (D.D.C. 1983), reversed, 746 F.2d 4 (D.C. Cir. 1984), overruled, *Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516, 1525 (D.C. Cir. 1988)(*en banc*).

appeals to update the *Laffey* matrix.  Millian Aff., para. 24.  Plaintiffs' seek fees at the current *Laffey* rates as shown in Plaintiffs Exhibit 5.[11]

**III**

**THE HOURS EXPENDED BY PLAINTIFFS ARE REASONABLE**

Plaintiffs submit that the time set forth in this fee application was reasonably expended.  The time expended is set forth by activity or category and individual in the contemporaneous time records kept by plaintiffs' counsel.  The contemporaneous time records are set forth in Plaintiffs' Exhibit 7.  A summary of the total amount of time expended by each individual by activity is set forth in Plaintiffs' Exhibit 6.  The activities engaged in by plaintiffs' counsel are described in detail in the Millian Affidavit (paras. 47-85).

During the 2012-2013 time frame, plaintiffs engaged in work related to various issues, including, but not limited to: preparation, attendance and follow up related to the monthly meetings conducted by Special Master Torricelli; monitoring and oversight of remedy implementation and compliance with the final judgment and Consent Decrees entered in these cases; the Study Area 6 North 100% Design documents, the Study Area 6 South 100% Design documents, and the Combined

---

[11]In *Lanni v. New Jersey*, 259 F.3d 146, 149-150 (2001), the Third Circuit held:

> When attorney's fees are awarded, the current market rate must be used. The current market rate is the rate at the time of the fee petition, not the rate at the time the services were performed.

12

Study Areas 6 North and South 100% Design documents; the Open Space Design Standards; in-situ treatment; preparation and negotiation of numerous consent orders relating to the Study Areas 6 North and South 100% designs; and preparation and negotiation of amendments to various consent decrees and consent orders. Millian Aff., paras. 47-85.

The evidence presented in support of this application shows that the time for which plaintiffs seek compensation in this application is reasonable.

## IV

### PLAINTIFFS ARE ENTITLED TO AN AWARD OF REASONABLE LITIGATION EXPENSES

In addition to reasonable attorneys' fees, plaintiffs request an award of $512,951.22 for out-of-pocket expenses, including expert fees. *See* Pl. Ex. 9.

This figure represents the amount incurred for out-of-pocket expenses, such as document reproduction, postage, conference calls, travel, and particularly expert fees. The expert fees relate to the issues described above and are addressed in the affidavit of each expert.

Each of the categories of expenses for which plaintiffs seek compensation are ones that the plaintiffs' counsel normally bills to its fee-paying clients and, in this case, would have been billed to plaintiffs if they had been paying fees. Millian Aff., para. 86.

The computerized records of the expenses incurred during the course of this litigation organized by category are attached as Plaintiffs' Exhibit 10. A summary of the litigation expenses by category is contained in Plaintiffs' Exhibit 9. These categories are described in narrative form in the Millian Affidavit, paras. 88-96.

## CONCLUSION

For the foregoing reasons, plaintiffs submit that they are entitled to fees totaling $1,321,830.26. *See* Pl. Ex. 4.

Respectfully submitted,
s/Edward Lloyd

Bruce J. Terris
Alicia C. Alcorn
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, DC  20005-4632
202-682-2100

Edward Lloyd (EL 2633)
Columbia Law School
435 West 116th Street, Room 831
New York, NY 10027
212-854-4376

April 1, 2014

*Counsel for Plaintiffs*

14

## CERTIFICATE OF SERVICE

I hereby certify this 1st day of April 2014, that I have caused a true copy of the foregoing brief, together with supporting exhibits and a proposed order, to be delivered electronically to all counsel of record by operation of the Court's CM/ECF system.

s/ Edward Lloyd
Edward Lloyd

15