Plaintiffs'
Exhibit 3

**Bruce J. Terris**

<u>Office</u>:

1121 12th Street, N.W.
Washington, D.C. 20005
(202) 682-2100

<u>Born</u>:          Detroit, Michigan

<u>Birthdate</u>:    August 3, 1933

<u>Education</u>:    A.B. Summa Cum Laude    Harvard (1954) Phi Beta Kappa

LL.B. Magna Cum Laude    Harvard (1957) Article Editor
Harvard Law Review

Post Graduate Study    Georgetown University
Political Science

<u>Honors</u>:    Honorary Fellowship    University of Pennsylvania
and Commencement    Law School 1977
Speaker

Conservation Law Award    National Wildlife Federation 1981

<u>Professional Experience</u>:

1957-1958    Attorney, Internal Security Division
Appellate Section, U.S. Department of Justice

1958-1959    Personal Assistant to Solicitor General, J. Lee Rankin, Department
of Justice

1959-1965    Assistant to the Solicitor General,
Department of Justice

Argued 16 Supreme Court cases on behalf of the
government, including <u>Wesberry v. Sanders</u> (the
Congressional redistricting case); <u>Schneider</u> <u>v. Rusk</u> and
<u>Kennedy v. Mendoza-Martinez</u> (the constitutionality of two
federal statutes relating to the expatriation of citizens)
(subsequently argued an additional 4 Supreme Court cases)

Wrote or extensively reviewed approximately 70 Supreme Court

briefs, including <u>Abel v. United States</u> (a Soviet espionage case); <u>Baker v. Carr</u> and the 1964 reapportionment cases; and a large number of civil rights and criminal cases

Prepared Attorney General Kennedy for his only appearance in the Supreme Court

| | |
|---|---|
| 1965 | Co-Chairman, National Conference on Law and Poverty sponsored by the Attorney General and the Director of the Office of Economic Opportunity – this conference had a major part in starting OEO legal services for the poor. |
| 1965-1967 | Assistant Director, National Crime Commission – supervised all work on police/community relations and early work on narcotics and dangerous drugs |
| 1965 | Consultant, Community Relations Service, Department of Justice, on police/community relations |
| 1965 | Consultant, University Research Corporation – wrote proposals relating to crime and training the poor to be lawyer's aides |
| 1967-1968 | Assistant to the Vice President for the District of Columbia – worked on youth programs and the District's problems generally – developed a detailed program to coordinate all activities of SBA, EDA, and other government agencies relating to minority business |
| 1967-1968 | Visiting Professor of Law, Catholic University (teaching two sections of constitutional law) |
| 1968 | Campaign staff of Senator Robert Kennedy, doing research on urban problems |
| 1968-1969 | Executive Director, Anacostia Assistance Corporation, a non-profit organization of businessmen and others, to provide financial and technical assistance relating to economic development, housing and education to community groups in a poverty area of Washington, D.C. – established a center for packaging black businesses, started a local development company, worked on beginning a community electronics plant (which never came to fruition), and wrote an elaborate proposal for a special impact grant |
| 1969-1970 | Co-founder and Senior Attorney, Center for Law and Social policy, a non-profit organization which represented consumers, the poor, and other usually unrepresented persons before federal administrative agencies and in the courts concerning consumer, |

environment, health, and other problems and which had law students who came to the Center for five months and received a semester's credit – personally represented the California farm workers union in a suit to prevent Mexican nationals from entering the United States to work in the fields, which was lost, 5-4, in the Supreme Court (Bustos v. Mitchell) – represented physicians at D.C. General Hospital and the District of Columbia chapter of the Medical Committee on Human Rights in legal actions to improve the care at the hospital; represented the American Public Health Association and the National Council of Senior Citizens in a suit which resulted in an order requiring the Federal Drug Administration to speed procedures to get several thousand ineffective drugs off the market; represented Ralph Nader in proceedings before the Federal Trade Commission – ran educational program

1970          Attorney, private practice, Washington, D.C. – became Terris & Sunderland in 1980, Terris, Edgecombe, Hecker & Wayne in 1986, Terris, Pravlik & Wagner in 1990, and Terris, Pravlik & Millian in 1998 – presently  has 10  attorneys – principally engaged in public interest law, including environmental and employment cases

Representative cases include:

Sierra Club v. Fri, 412 U.S. 541 (1973), in which the Supreme Court held, by affirming the court of appeals, 4-4, that the Clean Air Act prevented significant deterioration of air quality in clean air areas – this decision resulted in Congressional legislation to protect the air quality of clean air areas

Sierra Club v. Butz, 3 ELR 20071 (N.D. Cal. 1972), in which the court granted, under the National Environmental Policy Act, a preliminary injunction against the development of 50 million acres and ordered the Forest Service to prepare environmental impact statements before allowing development of roadless areas in national forests

West Virginia Division of the Izaak Walton League of America v. Butz, 522 F.2d 945 (4th Cir. 1975), in which the court of appeals declared that the Forest Service practice of clearcutting in national forests violated the Organic Act of 1897 – this decision resulted in Congressional legislation regulating clearcutting

Sierra Club v. Morton, 427 U.S. 390 (1976), in which the Supreme Court held that the National Environmental Policy Act required preparation of a regional environmental impact statement for subregions of the Northern Great Plains but not the entire area

Palmer v. Shultz, 815 F.2d 84 (1987), in which the court of Appeals held that the Department of State had discriminated against female Foreign Service Officers in numerous personnel areas – previously in the same case, the Department of State agreed to hire 75 additional female Foreign Service Officers to settle allegations of discrimination in hiring

Public Interest Research Group v. Powell Duffryn Terminals, Inc., 720 F. Supp 1158 (D.N.J. 1989), affirmed in part, 913 F.2d 64 (3d Cir. 1990) in which the court imposed a penalty of over $4 million (the largest ever imposed in a citizen suit) and injunctive relief for violations of the Federal Water Pollution Control Act

FOE v. Laidlaw Envtl. Services (TOC), Inc., 528 U.S. 167 (2000), a Clean Water Act citizen suit in which the Supreme Court held that the Fourth Circuit erred in finding the case moot due to availability of only civil penalty relief and not injunctive relief. Supreme Court also held that the citizens had constitutional standing to pursue their claims. Lower court decisions are found at 890 F. Supp. 470 (D.S.C. 1995) and 956 F. Supp. 588 (D.S.C. 1997), and 149 F.3d 303 (4th Cir. 1998).

Publications:

Author of article in November 1968 issue of Annals of the American Academy of Political Science, "The Role of the Police," reprinted in Violence in the Streets, edited by Shalom Endelman (Quadrangle Books, Chicago, 1969); Livingston Hall, et al., Modern Criminal Procedure (West Publishing Co., 1969, 3d ed.); and The Ambivalent Force: Perspectives on the Police, edited by Abraham Niederhoffer and S. Blumberg (Ginn and Co., N.Y. 1970)

Author of article in February 1968 issue of New Jersey Municipalities, "The Responsibility of City Government: Win the War or Preserve the Peace"

Author of article in Winter 1968 issue of Legal Issue (Catholic University), "Black Versus Blue: The Crisis in Police Community Relations"

Author of chapter on "The Chain-Independent Retail Store" in Practicing Law Institute; The Local Economic Development Corporation: Legal and Financial Guidelines (GPO, 1970)

Speech at the National Institute on New Techniques in Regulating Business: The Ash Council's Recommendations, April 16-17, 1971, in 23 Administrative Law Review 445 (1971)

Author of Legal Services for the Elderly (National Council on the Aging, 1972)

Speech at the American Bar Association National Institute, Law of the Environment, November 1-2, 1973, "Air Quality Control in the 70s: Environmental Critique," in 7 Natural Resources Lawyer 217 (1974)

Author of article in July-August 1974 issue of Juris Doctor, "Hard Times Ahead for Public Interest Law"

Co-Author of article, the Leasing of Federal Land for Coal Production, Natural Resources Defense Council v. Hughes, 15 Houston Law Review 1175 (1978)

Speech on "Environmentalists' Citizen Suits" in "The Private Assumption of Previously Public Responsibilities: The Expanding Role of Private Institutions in Public Environmental Decisionmaking," Fifteenth Annual Conference on the Environment, American Bar Association, Standing Committee on Environmental Law (1986)

Author of article in 2003 issue of Widener Law Review, "Standing on Weak Ground"

Author of article in 2007 issue of Journal of Supreme Court History, "Attorney General Kennedy versus Solicitor General Cox: The Formulation of the Federal Government's Position in the Reapportionment Cases"

Other Activities

| | |
|---|---|
| 1960 | Co-founder of a credit union in the slums, one of the first organized on a geographic basis |
| 1961-1965 | Co-founder and President of Better Homes, Inc., a non-profit corporation with the purpose of buying and improving housing in slum areas in Washington (the corporation was the model for approximately half a dozen other similar non-profit organizations in Washington, and was the recipient of the first funds in Washington under the Federal Housing Act of 1961 for the rehabilitation of houses for low-income families) |
| 1961-1966 | Co-organizer of the 1500 Block Club, an organization of the people living in two blocks of the slums of Washington (the organization had a small community center, women's and men's |

clubs, and a large tutoring program)

| | |
|---|---|
| 1965-1979 | Co-founder of the Housing Development Corporation, later chairman of the board – wrote the proposal for the creation of this large, well-financed, non-profit real estate development corporation to provide housing for low-income families throughout the Washington area – the first of its kind in the country, it originally received over $300,000 a year from the Office of Economic Opportunity – OEO used it as a model elsewhere |
| 1965-1966 | Member, Coalition of Conscience, a coalition of organizations to promote civil rights in the District of Columbia |
| 1968-1972 | Chairman and Member, District of Columbia Democratic Central Committee |
| 1968-1972 | President and Member of the Board, Project Share – this organization raised over $100,000 in funds for non-profit housing for low and moderate income people |
| 1968-1974 | Member of the Board, District of Columbia Home Rule Committee |
| 1970-1971 | Member of the Board, Anacostia Citizens and Merchants, a broadly representative citizens group with the purpose of improving the Anacostia area |
| 1974-1977 | Member of the Board and Secretary, District of Columbia Development Corporation, a non-profit corporation intended to develop housing for low and moderate income people and support business ownership by minorities |
| 1976-1978 | Co-chairman, Air Quality Task Force, National Coal Policy Project |
| 1976-1981 | Member of the Board, Council for Public Interest Law, a national organization encouraging the expansion of public interest law |
| 1977-1978 | Member, Litigation Committee, Friends of the Earth |
| 1978-1980 | Member, Litigation Committee, Environmental Defense Fund |
| 1979-1980 | Member, Advisory Panel on Synthetic Fuels, Committee on Science and Technology of the House of Representatives |

**KATHLEEN L. MILLIAN**
1121 12th Street, N.W.
Washington, D.C.  20005
(202) 682-2100, ext. 8478

Education:       Stanford Law School          J.D., June 1985

                 Cornell University           B.S., Public Policy,
                                              May 1982

Experience:

1992-Date        Partner
1987-1991        Attorney
                 Terris, Pravlik & Millian, LLP
                 Washington, DC
                 Represent the plaintiff class in a Medicaid class action against the District of Columbia government.  Represent as co-counsel the plaintiff class in a class action concerning the Individuals with Disabilities in Education Act (IDEA). Represent environmental groups in Clean Water Act and RCRA citizen enforcement suits.

1985-1986        Judicial Clerk, Judge James K. Singleton, Alaska Court of Appeals
                 Anchorage, AK
                 Researched and wrote bench memoranda on criminal and evidentiary issues. Critiqued opinions substantively and technically.  Also served as Acting Magistrate for Third Judicial District of Alaska, handling small claims and traffic court calendar.

Representative Cases:

*Interfaith Community Organization, et al. v. Honeywell International Inc.*, 263 F.Supp.2d 796 (D.N.J. 2003), affirmed, 399 F.3d 248 (3d Cir. 2005), certiorari denied, 545 U.S. 1129 (2005), in which the district court found liability under RCRA and ordered the excavation and removal of 1.5 million tons of toxic hexavalent chromium waste from a 34-acre site in Jersey City, NJ, and a clean-up of the deep ground water and sediments in the Hackensack River.

*Michigan, et al. v. EPA*, 213 F.3d 663 (2000), in which the court of appeals upheld EPA's Clean Air Act rule requiring midwestern states to control emissions of nitrogen oxides which harm air quality in downwind states.

*Friends of the Earth, et al., v. Gaston Copper Recycling Corp.*, 204 F.3d 149 (2000)(*en banc*), in which the court of appeals found that the plaintiff environmental groups had standing to proceed with their suit under the Clean Water Act.

*Salazar, et al. v. District of Columbia*, 954 F. Supp. 278 (D.D.C. 1996), in which the district court found the government liable to the plaintiff class of Medicaid applicants and recipients under Section 1983 for failing to comply with the federal Medicaid statute. Other reported decisions in the case include 123 F. Supp. 2d 8 (D.D.C. 2000); 560 F. Supp. 2d 13 (D.D.C. 2008); 560 F. Supp. 2d 6 (D.D.C. 2008); 560 F. Supp. 2d 9 (D.D.C. 2008); 560 F. Supp. 2d 33 (D.D.C. 2008); 557 F. Supp. 2d 147 (D.D.C. 2008); 570 F. Supp. 2d 105 (D.D.C. 2008), affirmed in part and reversed in part on appeal, 602 F.3d 431 (D.C. Cir. 2010); 596 F. Supp. 2d 67 (D.D.C. 2009), on reconsideration in part on appeal; 666 F. Supp. 2d 53 (D.D.C. 2009), appeal dismissed, 367 Fed. Appx. 164 (D.C. Cir. 2010); 685 F. Supp. 2d 72 (D.D.C. 2010).

*Public Interest Research Group of New Jersey, et al. v. Powell Duffryn Terminals Inc.*, 720 F. Supp. 1158 (D.N.J. 1989), in which the court granted a permanent injunction and imposed civil penalties of $3.2 million under the Clean Water Act on a polluter, affirmed in part and reversed in part on appeal, 913 F.2d 64 (3d Cir. 1990), penalty increased to $4.085 million, certiorari denied, 498 U.S. 1109 (1991).

*Public Interest Research Group of New Jersey, et al. v. Ferro Merchandising Equipment Corp.*, 680 F. Supp. 692 (D.N.J. 1987), in which the court imposed contempt penalties for a polluter's failure to comply with an injunction to comply with the Clean Water Act.

Bar Memberships:    State of New York, District of Columbia, United States Courts of Appeals for the District of Columbia, Third, Fourth, Fifth, Sixth, and Eleventh Circuits, United States District Court for the District of Columbia, and the United States Supreme Court.

Honors:    Listed in 2005-2006 edition of *Who's Who in American Law.*

References:    Available upon request.

2

## CAROLYN SMITH PRAVLIK

**Bar Memberships:**

District of Columbia Bar
U.S. District Court for the District of Columbia
U.S. Court of Appeals for the Third Circuit
U.S. Court of Appeals for the Fourth Circuit
U.S. Court of Appeals for the Eleventh Circuit
U.S. Supreme Court

**Education:**

Law School:   Catholic University Law School, J.D., 1980
Undergraduate: College of Notre Dame of Maryland, B.A., cum laude, 1977

**Professional Experience:**

1981-Present          Managing Partner (1990-Present), Partner (1987-Present), Associate (1981-1987), Terris, Pravlik & Millian, LLP Washington, D.C. -- principally public interest litigation in the federal courts including environmental, civil rights and employment litigation for such clients as:

American Canoe Association
Friends of the Earth
The Public Interest Research Group of New Jersey
Hackensack Riverkeeper
Indiana Public Interest Research Group
Sierra Club

**Representative Cases:**

*FOE v. Laidlaw Envtl. Services (TOC), Inc.,* 528 U.S. 167 (2000), a Clean Water Act citizen suit in which the Supreme Court found that the Fourth Circuit erred in finding the case moot due to availability of only civil penalty relief and not injunctive relief.  Supreme Court also  held that the citizens had constitutional standing to pursue their claims.  Lower court decisions are found at 890 F. Supp. 470 (D.S.C. 1995) and 956 F. Supp. 588 (D.S.C. 1997), and 149 F.3d 303 (4th Cir.  1998).

*American Canoe Assn v. Murphy Farms, Inc.*, 326 F.3d 505 (4th Cir. 2003), a citizen suit under the Clean Water Act where the court ordered the defendant hog farm (a concentrated animal feeding operation (CAFO)) to apply for a National Pollutant Discharge Elimination System Permit (NPDES).  The resulting permit was the first NPDES permit issued to a CAFO in North Carolina.

*Interfaith Community Organization v. Shinn*, No. 93-4774, slip op. (D.N.J. Nov. 24, 1998), a citizen suit under RCRA's imminent and substantial endangerment provision, in which the court found that the contaminants in Liberty State Park present an imminent and substantial endangerment to park visitors. Almost 300 acres of the park have been fenced and closed to the public as a result.

*PIRG v. Hercules, Inc.*, 830 F. Supp. 1525 (D.N.J. 1993), *rev'd in part and remanded,* 50 F.3d 1239 (3d Cir. 1995), in which the courts addressed the scope of a notice of intent to sue under the Clean Water Act.

*PIRG v. Powell Duffryn Terminals, Inc.*, 720 F. Supp. 1158 (D.N.J. 1989), *aff'd in part, rev'd in part and remanded*, 913 F.2d 64 (3rd Cir. 1990), *certiorari denied*, 498 U.S. 1109 (1991), in which the court enjoined the defendant violation of the Clean Water Act and imposed a penalty of $4.085 million.

*PIRG v. Monsanto Co.*, 600 F. Supp. 1479 (D.N.J. 1985), in which the court found the defendant liable for numerous violations of the Clean Water Act. The first summary judgment on the issue of liability in a citizen suit under the Act.

*PIRG v. Monsanto Co.*, 600 F. Supp. 1474 (D.N.J. 1985), in which the court upheld the constitutionality of the citizen suit provision of the Clean Water Act, 33 U.S.C. 1365.

*PIRG v. Fritzsche, Dodge & Olcott, Inc.*, 579 F. Supp. 1528 (D.N.J. 1984), *aff'd*, 759 F.2d 1131 (3d Cir. 1985), court held that agency level enforcement by the U.S. Environmental Protection Agency did not bar plaintiffs' citizen suit under the Clean Water Act.

| | |
|---|---|
| Oct. 1980- Apr. 1981 | Attorney in the Solicitor's Honors Program, U.S. Department of the Interior -- involved providing legal advice to a number of the department's organizations: the Secretary's Office, the National Park Service, the Fish and Wildlife Service, and the Office of Surface Mining |
| June 1978 - June 1980 | Law Clerk in the Office of the Solicitor, Division of Surface Mining, U.S. Department of the Interior -- time spent researching and writing portions of several briefs filed in federal district courts. Among the cases were: *Union Carbide v. Andrus*, No. 79-2142 (S.D. W. Va. July 17, 1979) and *Star Coal v. Andrus*, 14 ERC 1325 (S.D. Iowa 1980) |

2

**ALICIA CLARK ALCORN**

---

EDUCATION

**George Mason University School of Law**, Arlington, Virginia
*J.D.*, May 2004
GPA: 3.31, 26th percentile
Member of the Association for Public Interest Law, officer 2002-2004

**Hobart and William Smith Colleges**, Geneva, New York
*B.A.*, June 1997
Major: **Environmental Studies**      Minor: **Biology**
*Dean's List Academic Honors 1995-1997*

---

LEGAL EXPERIENCE

**Terris, Pravlik & Millian, LLP**
*Associate, Aug 2004 - Aug. 2012*                                  Washington, D.C.
*Partner, Sept. 2012 to present*
- Complex litigation in federal courts involving environmental and civil rights laws
- Clean Water Act litigation - experience with jurisdictional issues, including constitutional standing, statutory standing, and mootness; fact and expert discovery; remedies, including injunctive relief and civil penalties; settlement; and attorneys' fees
- Resource Conservation and Recovery Act litigation - experience with fact and expert discovery; remedies; trial preparation; and settlement
- Settlement negotiations and mediation in complex environmental litigation under the Clean Water Act
- Monitor and enforce federal court Consent Decrees resulting from the settlement of Clean Water Act and Resource Conservation and Recovery Act litigation
- Supervise support staff assisting with litigation

**Terris, Pravlik & Millian, LLP**                                  Washington, D.C.
*Law Clerk*                                                      *May 2002 - June 2004*
- Monitor the District of Columbia's compliance with court order in a class action suit regarding Medicaid services
- Assist individuals eligible for D.C. Medicaid to obtain reimbursement for monies spent out-of-pocket for medical services that should have been paid for by Medicaid
- Assist children eligible for D.C. Medicaid to obtain Early, Periodic, Screening, Diagnostic, and Treatment (E.P.S.D.T.) services
- Represent D.C. Medicaid class members in fair hearings and draft briefs and other papers required by the District of Columbia fair hearing regulations

**Terris, Pravlik & Millian, LLP**                                  Washington, D.C.
*Legal Assistant*                                                *March 1998 - August 2001*
- Assist with monitoring defendants' compliance with Consent Decrees in settled environmental suits and the District of Columbia's compliance with court order regarding Medicaid services

- É    Conduct research into case law, federal and state regulations, factual information, and environmental permit compliance  information
- É    Draft affidavits and correspondence, and communicate with plaintiffs, members of plaintiff organizations, and class action clients
- É    Environmental permit compliance monitoring
- É    Worked on preparation of case pending before the Supreme Court by conducting factual research, interviewing members of plaintiff organizations, gathering information necessary for oral argument, and assisting in final edit of briefs

BAR ADMISSIONS

- •    Admitted to Maryland Bar, 2004
- •    Admitted to District of Columbia Bar, 2005
- •    Admitted to U.S. District Court for the District of Columbia, 2011
- •    Admitted to U.S. Court of Appeals District of Columbia Circuit, 2011

# MICHELLE WEAVER

1378 McAllister Street, Apt. 6 · San Francisco, CA 94115 · (646) 872-8775 · mgweaver@gmail.com

## EDUCATION

**Columbia University School of Law,** New York, NY
*Juris Doctor, May 2006*
    **Honors:**    Alfred A. Forsyth Prize in Environmental Law; James Kent Scholar, 2004-2005; Harlan Fisk Stone Scholar, 2003-2004 and 2005-2006; Public Service/Student-Funded Fellow, Summer 2004
    **Activities:**    Environmental Law Society; Columbia Journal of Environmental Law, Co-Senior Editor

**Bowdoin College,** Brunswick, ME
*Bachelor of Arts in Biology and Environmental Studies,* cum laude, *May 2003*
    **Honors:**    Departmental Honors in Environmental Studies; Copeland-Gross Prize in Biology; Academic Award in Environmental Studies
    **Activities:**    Committee for a Sustainable Bowdoin
    **Thesis:**    *Carbon Credits and Carbon Guilt: Terrestrial Sinks as a Case Study of the United States' Moral Responsibility for Climate Change*

## EXPERIENCE

***Terris, Pravlik & Millian, LLP***    ***Washington, DC***
*Associate Attorney*    September 2006 to September 2012
*Of Counsel*    September 2012 to Present
Represented clients in environmental litigation pursuant to the Resource Conservation Recovery Act, the Federal Water Pollution Control Act, and other statutes.  Responsible for case development, management, and motions practice.  Drafted briefs for trial and appellate courts.  Negotiated and drafted settlement agreements.  Worked extensively with technical experts to develop cases, ensure proper implementation of remedies, and support remedies with institutional controls such as financial assurances.

***Natural Resources Defense Council***    ***New York, NY***
*Legal Intern*    Summer 2005
Researched interplay of the National Environmental Policy Act and the Magnuson-Stevens Fishery Conservation and Management Act.  Responsibilities included researching legal issues and questions, researching and analyzing the Fishery Management Councils' compliance with NEPA mandates, drafting legal memoranda, providing comments on proposed legislation, and drafting advocacy pieces.

***Environmental Law Clinic, Columbia University School of Law***    ***New York, NY***
*Student, Teaching Assistant*    Academic Years 2004-2005, 2005-2006
Defended a non-profit organization agitating about environmental hazards from a building project against a defamation claim and a prima facie tort claim.  Responsibilities included legal research and drafting of motions, letters, and other papers, as well as administrative coordination of clinic students on assignments and cases.

***New York Climate Rescue***    ***New York, NY***
*Legal Intern*    Summer 2004
Researched and drafted legislation on the reduction of carbon emissions from New York City for submission to the New York City Council.  Explained effects of climate change in background paper that included outline and analysis of proposed law.  Presented proposal to legislative staff of the City Council Environmental Protection Committee.

***The Maine Land Bond Coalition***    ***Brunswick, ME***
*Psi Upsilon Public Policy and Government Relations Intern*    Summer 2003
Assisted conservation groups with the preparatory stages of a land bond campaign by providing daily support to lobbyists.  Planned and scheduled strategy meetings and outreach events with legislators and general public.  Researched the legal process and requirements to pass a land bond through the Maine State Legislature and wrote summary memorandum.

## BAR MEMBERSHIP

New York and the District of Columbia