## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **INTERFAITH COMMUNITY ORGANIZATION**, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civ. No. 95-2097 (JLL) |
| **HONEYWELL INTERNATIONAL, INC.**, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| **HACKENSACK RIVERKEEPER, INC.**, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civ. No. 06-22 |
| | ) | **Consolidated with** |
| **HONEYWELL INTERNATIONAL, INC.**, *et al.*, | ) | **Docket No. 05-05955** |
| | ) | **under Docket No. 95-2097** |
| Defendants. | ) | |

## <u>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE REPORT AND RECOMMENDATION ON REMANDED FEES</u>

<u>Counsel:</u>
Bruce J. Terris, Esq.
Carolyn Smith Pravlik, Esq.
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, DC  20005-4632
202-682-2100
cpravlik@tpmlaw.com

Edward Lloyd, Esq. (EL 2633)
Columbia Law School
435 West 116th Street, Room 831
New York, NY  10027
212-854-4376
*Counsel for Plaintiffs*

David J. Sheehan, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY  10111
212-589-4200

Michael D. Daneker, Esq. (*pro hac vice*)
Rebecca Gordon, Esq. (*pro hac vice*)
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
202-942-5000
*Counsel for Defendants*

**Special Master**:
Hon. John J. Hughes (Ret.)
JAMS
1717 Arch Street
Suite 3810
Philadelphia, PA  19103
215-246-9494

A Report and Recommendation on Remanded Fees ("Report and Recommendation")

having been issued on May 19, 2014 from this Special Master awarding Plaintiffs certain fees

and expenses under three fee applications; and Plaintiffs having now filed a Motion for

Reconsideration of the Report and Recommendation; and Defendants having filed a response to

the motion; and having reviewed Plaintiffs' motion, Defendants' response and Plaintiffs' reply,

including accompanying briefs and exhibits; and a telephone conference having been held on

June 30, 2014; and both Parties having conferred and agreed upon the correct amounts of certain

fees and expenses that Plaintiffs had argued included settled fees or were incorrect (as reflected

2

in *Revised Defendant's Exhibit 1* which is attached and incorporated into this Order); and the Parties having agreed that the award to Plaintiffs should be off-set by the $1,000,000 payment made by Honeywell to Plaintiffs in conjunction with its 2011 appeal and any other payments that Honeywell may make during review of this award; and the Parties appearing to agree that my finding in the Report and Recommendation regarding the relative complexities of the *ICO* litigation over Study Area 7 and the consolidated *JCMUA* litigation over Study Areas 5 and 6 was with respect to the underlying litigation itself and not necessarily with respect to the ongoing remediation process or monitoring phase; and the Parties further agreeing that my finding that it was "not reasonable for Honeywell to pay for Mr. Terris to review an associate's work where another partner reviewed it or review another partner's work" does not establish an absolute "law of the case" that it is always unreasonable for one partner to review another partner's work no matter what the circumstance (Report and Recommendation at 20); and Defendants having argued that the Special Master should find that Plaintiffs are not entitled to any attorneys' fees and/or costs associated with the preparation of this motion based on Plaintiffs' failure to confer with Defendants prior to filing the motion; and good cause having been shown:

IT IS on this _9th_ day of July, 2014

**ORDERED** that Plaintiffs' Motion for Reconsideration as to certain dollar amounts in the Report and Recommendation that Plaintiffs argued should be changed and the accompanying calculations modified because those amounts included settled fees or are incorrect is GRANTED. Revised Defendant's Exhibit 1 attached to this Order shall be substituted for the Recommendation section (pages 56-57) in the Report and Recommendation.

**ORDERED** that Plaintiffs' Motion for Reconsideration as to the relative complexity of the Study Area 7 and Study Areas 5 and 6 matters is DENIED. The Parties agree that my finding

3

as to the relative complexities of these matters was directed to the underlying litigation itself and not to any ongoing remediation and monitoring phases.

**ORDERED** that Plaintiffs' Motion for Reconsideration as to my finding that it was not appropriate or reasonable for Honeywell to pay for Mr. Terris to review another partner's work or review an associate's work when a partner had already reviewed such work is DENIED. Although in the future, specific reasons may exist whereby partner review of partner work may be considered reasonable fees, this basis for reducing fees in the present matter was based on the record before me.

**ORDERED** that Defendants' Motion to deny Plaintiffs attorneys' fees and/or costs associated with the preparation of this motion is DENIED as premature. However, Defendants' objection to Plaintiffs' failure to confer prior to filing the motion is reserved for any subsequent *fees on fees* application.

Dated: July 9, 2014

John J. Hughes
U.S.M.J. (Ret.)
Special Master

4

# Attachment I – Revised Defendant's Exhibit 1

# Revised Defendant's Exhibit 1

## VIII. RECOMMENDATION

It is recommended that the District Court award the following fees to the Plaintiffs:

1. **$228,688.66** (Outstanding Fees Application); **$39,839.78** (2009 Fees Application); and **$25,769.02** (2010 First Half Fees Application - 10% reduction in the $254,098.51, $44,266.42, and $28,632.25 requested for **Mr. Terris's oversight.** The 10% reduction includes a 15% reduction for Mr. Terris's oversight time and a 5% deduction for overlap between Mr. Terris's time and intra-office conferencing.

2. **$267,418.64** (Outstanding Fees Application); **$88,983.69** (2009 Fees Application); and **$73,653.32** (2010 First Half Fees Application) - 20% reduction in the $334,273.30, $111,229.62, and $92,066.66 requested for ~~for~~ **Intra-Office Conferencing**.

3. **$40,009.11** - a reduction of $90,921.02 in the $130,930.13 requested in the Outstanding Fees Application for **Lobbying and Legislative Activities**.

4. **$292,309.73** - for **Rule 30(b)(6) depositions** in the Outstanding Fees Application is awarded without reduction.

5. **$175,236.93** - for **Pre-trial work** in the Outstanding Fees Application is awarded without reduction.

6. **$158,859.11** - for **Document/Database Management** in the Outstanding Fees Application is awarded without reduction.

7. **$104,521.62** - for **Review of Documents** in the Outstanding Fees Application is awarded without reduction.

8. ~~**$469,384.91**~~ **$379,798.94** - 50% reduction in the ~~$41,529~~ $24,034.61 requested for **Identification of Experts** and no reduction in the ~~$448,620.41~~ $367,781.86 requested for **Supervision of Experts**.

9. ~~**$80,742.72**~~ **$84,243.01** - a ~~$33,918.00~~ $30,417.71 reduction in the $114,660.72 requested for **Institutional Control Experts Fees** in the Outstanding Fees Application.

10. **$145,607.91** - for **Dr. Salhotra's Fees** in the Outstanding Fees Application is awarded without reduction.

11.  **$4,496.71** - 50% reduction in the $8,993.43 requested for **Ms. Sitton's Fees** in the Outstanding Fees Application.

12.  **$493,409.29** - for **Remaining Expert Fees** in the Outstanding Fees Application is awarded without reduction.

13.  **$129,549.26** - for the **Fisk Street Homes** fees and expenses in the First Half of 2010 Fees Application is awarded without reduction.

14.  **$86,788.17** - for **Financial Assurances** fees and expenses in the First Half of 2010 Fees Application is awarded without reduction.

Plaintiffs have requested a total of ~~$3,049,974.56~~ $3,192,154.31 for all three fee applications, and I have reduced the total amount sought by ~~$303,565.09~~$278,066.16 based on the reductions discussed above.  In addition, I have reduced the total amount sought by $6,401.90 based on the reductions made by Judge Cavanaugh and not appealed by either party. Therefore, I recommend awarding Plaintiffs a total of ~~$2,746,409.47~~$2,907,686.25.  This award will be off-set by the $1,000,000 payment that Honeywell made to Plaintiffs in conjunction with its 2011 appeal (ECF No. 1259) and any other payments that Honeywell may make during further review of this award.

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: Interfaith Community Organization, et al. vs. Honeywell International, et al.
Reference No. 1450002992

I, Doreen Lavery, not a party to the within action, hereby declare that on July 09, 2014 I served the attached Order Granting In Part and Denying in Party Plaintiffs' Motion for Reconsideration of the Report and Recommendation on Remanded Fees on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at Philadelphia, PENNSYLVANIA, addressed as follows:

Carolyn Smith Pravlik Esq.
Bruce J. Terris Esq.
Edward Lloyd Esq.
Terris, Pravlik & Millian, LLP
1121 12th St., NW
Washington, DC  20005
Phone: 202-682-2100
cpravlik@tpmlaw.com
bterris@tpmlaw.com
elloyd@tpmlaw.com
    Parties Represented:
    Hackensack Riverkeeper, Inc.
    Interfaith Community Organization

David J. Sheehan Esq.
Jason S. Oliver Esq.
Baker Hostetler
45 Rockefeller Plaza
New York, NY  10111
Phone: 212-589-4200
dsheehan@bakerlaw.com
joliver@bakerlaw.com
    Parties Represented:
    Honeywell International, Inc.

Michael D. Daneker Esq.
Rebecca Gordon Esq.
Arnold & Porter, LLP
555 Twelfth St., NW
Washington, DC  20004-1206
Phone: 202.942.5230
Michael.Daneker@aporter.com
Rebecca.Gordon@aporter.com
    Parties Represented:
    Honeywell International, Inc.

I declare under penalty of perjury the foregoing to be true and correct. Executed at Philadelphia,

PENNSYLVANIA on  July 09, 2014.

Doreen Lavery
dlavery@jamsadr.com